## No. 26154

**Benito D. Gutierrez v. District Court for the County of Adams, the Honorable Jean J. Jacobucci, one of the Judges thereof, and Guy F. Van Cleave, Sheriff of Adams County**

(516 P.2d 647)

Decided December 3, 1973.

Sheila H. Meer, for petitioner.

Floyd Marks, District Attorney, Harlan R. Bockman, Assistant, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding brought pursuant to C.A.R. 21. We issued a rule to show cause why the respondents should not be prohibited from enforcing the orders of August 23, 24, and 27, 1973. The rule is made absolute.

The facts show that petitioner is defendant in a divorce proceeding filed in Laramie County, Wyoming, on June 6, 1973. On that day petitioner's wife obtained an *ex parte* order from the Wyoming District Court restraining petitioner from any contact or communication with his wife and infant

son. Petitioner had previously moved to Colorado, and after the divorce was filed, his wife and child moved to California.

Petitioner alleges that on August 15, 1973, he took custody of the child and placed him in the custody of a maternal aunt in California under petitioner's supervision. However, petitioner's wife contends that the child is in the custody of petitioner's mother in Adams County, Colorado. The record shows no inquiry concerning the whereabouts of the child, nor any findings on the issue by the court.

On August 23, 1973, petitioner's wife appeared *ex parte* before respondent judge and requested an order granting full faith and credit to the *ex parte* Wyoming restraining order. The court granted the order, stating:

"THE COURT hears statements of Rebecca Ann Gutierrez and

"FINDS that the minor child should be in the custody of Rebecca Ann Gutierrez;

"FURTHER FINDS that Benito Dickie Gutierrez, the Defendant, has removed the child from the custody of Rebecca Ann Gutierrez, and thus finding;

"IT IS ORDERED that full faith and credit be given to the Restraining Order issued by the Wyoming Court and the Court orders that the Defendant, Benito Dickie Gutierrez, deliver up to Rebecca Ann Gutierrez the minor child of the parties forthwith;

"IT IS FURTHER ORDERED that any local police departments are to assist in carrying out these Orders."

Subsequently, on the evening of August 23, 1973, the summons, the motion for a restraining order, and the restraining order in the Wyoming divorce proceeding were served upon the petitioner, together with a copy of the respondent judge's order set forth above.

On August 24, 1973, petitioner appeared and moved respondent court to vacate the order of August 23, 1973, on the grounds that (1) the court lacked *in personam* jurisdiction over him as he had not been served in the Wyoming matter until after the court issued its order; (2) that the court lacked the power to give "full faith and credit" to a temporary, *ex parte* order of the Wyoming court; and (3) the

Colorado action was not properly commenced according to the Colorado Rules of Civil Procedure. The motion was denied.

On August 27, 1973, a further hearing was held at which petitioner was again ordered to deliver up the child. When petitioner declined to do so for the reasons set out above, respondent court held petitioner to be in contempt of court and sentenced him to ninety days in the Adams County jail unless he produced the child and posted a $1,500 bond.

It is so elementary as not to require citation of authority that a court cannot proceed in a matter unless the jurisdiction of the court has been properly invoked. Although the record in this case is sketchy, it is clear that no complaint was filed by Mrs. Gutierrez on August 23, 1973, and that no summons was served prior to entry of the court's order granting full faith and credit to the Wyoming temporary restraining order. C.R.C.P. 3(b) provides that a court shall have jurisdiction from the time of filing the complaint or service of the summons. Thus it appears from the facts as set forth above that the jurisdiction of the court had not been properly invoked when the challenged order of August 23 was entered.

Respondent argues that Mrs. Gutierrez was proceeding by oral petition under 1971 Perm. Supp., C.R.S. 1963, 46-1-23, the special statutory child custody proceeding. The record shows that her petition for custody was not filed until August 29, 1973, six days after the initial order issued and subsequent to the order sentencing petitioner for contempt. Thus, the court had no jurisdiction under this section at the time it issued its order.

The initial order having been issued without the subject matter jurisdiction of the court having been invoked, all subsequent orders based on that order are void.

Because of the conclusions above, we do not reach the issues involving the Full Faith and Credit Clause of the United States Constitution.

The Rule is made absolute and the respondent court is directed to order the release of the petitioner from custody.